MEMORANDUM **
The Dow Chemical Company and Shell Oil Company removed this tort action brought in California state court by Georges Ayemou and numerous co-workers (collectively, “Ayemou”). Ayemou is a foreign national who alleges exposure to 1, 2-dibromo-3-chIoropropane (DBCP), a nematocide used on banana and pineapple plantations in the Ivory Coast, and damages, caused by Dow and Shell, both Delaware corporations, as well as two California corporations, Amvae Chemical Corporation, and Standard Fruit Company, a Dole entity.[1] As a diversity action may be removed only when there is no in-state defendant under 28 U.S.C. § 1441(b) — commonly called the “forum defendant rule” — Dow asserted in its Notice of Removal that the California parties were fraudulently joined. Within a few days of removal, the district court sua sponte found no fraudulent joinder, and remanded the case to state court.
Dow has timely appealed, arguing that the district court exceeded its authority in acting sua sponte to remand for an alleged procedural defect in the Notice of Removal. Our precedent compels us to agree. Following Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), we decided in Kelton Arms Condominium Owners Ass’n v. Homestead Ins. Co., 346 F.3d 1190, 1191 (9th Cir.2003), that §§ 1447(c) and (d) bar appellate review of a remand order only if the district court had authority to remand under § 1447(c). Conversely, if the district court remanded under its § 1447(c) authority, we would lack jurisdiction to *31 review the order. See Powerex Corp. v. Reliant Energy Services, Inc., 551 U.S. 224, 127 S.Ct. 2411, 2416, 168 L.Ed.2d 112 (2007) (assuming that appellate review remains limited to remands based on the grounds specified in Quackenbush). In Lively v. Wild Oats Markets, Inc., we determined that a district court does not have authority to remand sua sponte on account of the forum defendant rule because this rule is not a jurisdictional limitation that may be invoked sua sponte but is, instead, a waivable, procedural requirement. 456 F.3d 933, 938-41 (9th Cir.2006). Thus, we concluded that § 1447(d) does not bar review of a sua sponte removal order based on a violation of the forum defendant rule, as the forum defendant rule is non-jurisdictional. Id. at 936. It follows that the district court in this case exceeded its authority under § 1447(c) by ordering a remand sua sponte.
Ayemou points out that this is not a case where he is trying to avoid federal court given that he is also a plaintiff in an action filed in the Central District of California asserting federal jurisdiction over claims arising under the Alien Tort Statute. He also posits that Lively and Kelton Arms are distinguishable because the court here based its sua sponte remand on a factual record that established Ayemou was not willing to waive the procedural defect, and indicated that Dow could not show fraudulent joinder. Apart from fraudulent join-der, on which Dow did make a showing, we do not understand what factual record Ay-emou refers to.[2] So far as appears, the court acted sua sponte based only on the Notice of Removal.
More seriously, Ayemou contends that we lack jurisdiction to review the district court’s substantive findings that Dole and Amvac were properly, and not fraudulently, joined, as Dow would like us to do. In the same vein, Ayemou asks us to affirm the remand order on the alternative footing that Dow failed to show that each plaintiff had a chance of recovering at least $75,000. We decline the invitations of both parties. Whether or not we could go further (something we do not decide), we would not do so here because meaningful appellate review is not possible on either issue — fraudulent joinder or amount in controversy — on the record as it stands.
Accordingly, we vacate the sua sponte remand order as being without authority, and remand to the district court for further proceedings.
VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Virtually identical complaints were filed in six other actions in state court, which were also removed: Tanoh, No. 06-56867; Kan-gah, No. 07-55002; Abagninin, No. 07-55028; Diarrassopuba, No. 07-55030; Kovas-si, No. 07-55040; Pimma, No. 07-55042. Remand orders identical to the order in Ay-emou were entered in each. A motion to remand was filed in the other actions, but the courts orders state that remand is sua sponte. The actions were consolidated for purposes of appeal, and are treated as one, under the Ayemou lead, by the parties.

. Ayemou suggested at oral argument that an "Objection" to the Notice of Removal that he filed should have alerted the district court to his position that remand was indicated. We cannot see how, and Ayemou fails to explain why an "Objection," rather than the statutorily prescribed procedure of a motion to remand, should have consequence. Regardless, Ayemou still had time left in which to file a motion to remand on the basis of a non-jurisdictional defect under § 1447(c) when the district court preempted that process by its sua sponte ruling. We express no opinion on the effect, if any, this has on further proceedings.